UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO INDUSTRIES SUPPLIER EMPLOYEE
STOCK OWNERSHIP PLAN (ESOP),

       Plaintiff                        Hon. Avern Cohn
                                                    Case no. 03-74357

Vs.

SNAPP SYSTEMS, INC.,

       Defendant/Third Party Plaintiff

Vs

FORD MOTOR COMPANY, a Delaware
Corporation, SUSAN E. KOBET, Individually,
DIAN SENDEK MARCHESE, Individually,
CARMEN ZIRLES, Individually, and
JEFFREY D. COLLINS, Individually,

       Third Party Defendants
_____/

| | |
|---|---|
| E. Powell Miller (P39487) | Kenneth J. McIntyre (P17450) |
| David Fink | DICKINSON WRIGHT, P.L.L.C. |
| MILLER SHEA, P.C. | Attorney for Third Party Defendant |
| 950 West University Drive, Ste. 300 | 500 Woodward, Ste. 4000 |
| Rochester, MI 48703 | Detroit, MI 48226 |
| (248) 652-2852 | (313) 223-3500 |

Jeffrey D. Stamper, Esq.
JEFFREY D. STAMPER PLLC
Co-counsel for Third Party Plaintiff
9300 Shelbyville Road, Ste. 402A
Louisville, KY 40222
(502) 515-3343

**REPORT AND RECOMMENDATION OF THE
SPECIAL MASTER REGARDING FORD'S MOTION
TO DISMISS COUNT XI, SALES REPRESENTATIVE
CLAIM (Docket # 89)**

This matter was referred to the undersigned as Special Master, pursuant to the Order of the Honorable Avern Cohn dated January 27, 2006  Briefs have been filed and reviewed.  The Special Master requested and heard oral argument.

For the reasons stated herein, the Special Master recommends that the Motion to Dismiss be Denied.

**I. PREFACE**

This motion is brought under Fed. R. Civ.P.12(b)(6) for dismissal.  Ford asserts that SNAPP has failed to state a claim under M.C.L.A. 600.2961, the Michigan Sales Representative Commissions Act ("SRCA").

**A. SYNOPSIS OF FORD'S MOTION**

Ford argues that SNAPP does not state facts which establish it as Ford's sales agent.

**B. SYNOPSIS OF SNAPP'S RESPONSE**

SNAPP alleges it was "Ford's sales representative at 118-124 of its First amended Complaint. SNAPP's brief, p. 2.

**II. LEGAL STANDARD**

SNAPP correctly states the standard of review under Rule 12 of the Federal Rules of Civil Procedure, which is that the Court "must treat as true all of the well-pleaded allegations of the complaint.  In order for a dismissal to be proper, it must appear beyond

doubt that the plaintiff would not be able to recover under any set of facts that could be presented consistent with the allegations of the complaint." Glassner v R.J. Reynolds Tobacco Co.,223 F.3d 343, 346 (6th Cir. 2000).

Ford argues that "more that a bare assertion of legal conclusions is required to defeat a 12 (b)6) challenge. Morgan v Church's Fried Chicken, 829 F.2d 10,12 (6th Cir. 1987). Further, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Glassner, supra at 346.

## II. DISCUSSION

However true Ford's statement of law may be, SNAPP did not plead legal conclusions, but factual assertions. Those factual assertions are subject to proof, and the pleading of the assertions may be the minimum required to defeat a motion to dismiss, but they are pled.

Ford asserts that SNAPP was not a sales agent, but a purchasing agent. It argues that SNAPP did not solicit orders or sell goods on Ford's behalf. Ford's brief, p. 2.

Paragraph 122 of the First Amended Third Party Complaint and Jury Demand, alleges, however, "SNAPP was a sales representative of Ford under 600.2961(1)(e) in that it contracted with Ford and was retained by Ford to solicit orders and was paid, in part, by commission." It went on to describe the commissions.

These assertions may be creative. They may be inconsistent with other claims made by SNAPP. If, however, SNAPP was in fact retained by Ford to solicit orders, and if, in fact it was paid by commissions, a cause of action exists.

## III. CONCLUSION

SNAPP has done more than plead bare legal conclusions. It has pled bare factual assertions. Therefore, it is respectfully recommended that the Court find that Count XI was well pled. Therefore, FORD'S Motion to Dismiss should be denied.

Respectfully,

s/Bryan H. Levy
Bryan H. Levy
Special Master


June 27, 2006