UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO INDUSTRIES SUPPLIER EMPLOYEE
STOCK OWNERSHIP PLAN (ESOP),

        Plaintiff        Hon. Avern Cohn
                                               Case no. 03-74357

Vs.

SNAPP SYSTEMS, INC.,

        Defendant/Third Party Plaintiff

Vs

FORD MOTOR COMPANY, a Delaware
Corporation, SUSAN E. KOBET, Individually,
DIAN SENDEK MARCHESE, Individually,
CARMEN ZIRLES, Individually, and
JEFFREY D. COLLINS, Individually,

        Third Party Defendants
_____/

| | |
|---|---|
| E. Powell Miller (P39487) | Kenneth J. McIntyre (P17450) |
| David Fink | DICKINSON WRIGHT, P.L.L.C. |
| MILLER SHEA, P.C. | Attorney for Third Party Defendant |
| 950 West University Drive, Ste. 300 | 500 Woodward, Ste. 4000 |
| Rochester, MI 48703 | Detroit, MI 48226 |
| (248) 652-2852 | (313) 223-3500 |

Jeffrey D. Stamper, Esq.
JEFFREY D. STAMPER PLLC
Co-counsel for Third Party Plaintiff
9300 Shelbyville Road, Ste. 402A
Louisville, KY 40222
(502) 515-3343

REPORT AND RECOMMENDATIONOF THE SPECIAL MASTER REGARDING **DOCKET #94**, FORD'S MOTION FOR PARTIALDISMISSAL OF COUNTS I, XII-XIII, AS BARRED BY THE STATUTE OF LIMITATIONS AND DOCKET **#95**, FORD'S MOTION TO DISMISS COUNTS II-VI AS BARRED BY THE STATUTE OF LIMITATIONS AND FAILURE TO STATE A CLAIM

This matter was referred to the undersigned as Special Master, pursuant to the Order of the Honorable Avern Cohn dated January 27, 2006. Briefs have been filed and reviewed. The Special Master requested and heard oral argument.

. The Court will note the lack of a detailed analysis in this report. Respectfully, the Special Master suggests that such analysis is more appropriate on the Rule 56 motions covering the same topics. For the reasons stated herein, the Special Master makes the following recommendations:

A. Count I. The Motion to Dismiss should be deemed moot as the Special Master has recommended that Count I be dismissed on the Motion for Summary Judgment. If not, it should be denied.

B. Count XII. The Motion to Dismiss should be denied.

C. Count XIII. The Motion to Dismiss should be denied.

D. Counts II-VI. The Motion to Dismiss should denied as to Count II. As to Counts, III, IV, V, VI and X, the Motion to Dismiss should be deemed moot as the Special Master has recommended that these Counts be dismissed on the Motions for Summary Judgment.

**II. LEGAL STANDARD**

SNAPP correctly states the standard of review under Rule 12 of the Federal Rules of Civil Procedure, which is that the Court "must treat as true all of the well-pleaded allegations of the complaint. In order for a dismissal to be proper, it must appear beyond

doubt that the plaintiff would not be able to recover under any set of facts that could be presented consistent with the allegations of the complaint." Glassner v R.J. Reynolds Tobacco Co.,223 F.3d 343, 346 (6th Cir. 2000).

Ford argues that "more that a bare assertion of legal conclusions is required to defeat a 12 (b)6) challenge. Morgan v Church's Fried Chicken, 829 F.2d 10,12 (6th Cir. 1987). Further, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Glassner, supra at 346.

### III. BASIS FOR RULING

**A. Docket # 94 Count I (Partnership, Fiduciary Duty and Accounting).**

Because the Special Master has recommended that the Motion for Summary Judgment be granted pursuant to Rule 56, it is unnecessary to reach the merits of the 12 (b)(6) motion herein. Were it otherwise, and for the reasons stated in this Report, the Motion should be denied.

As to the remainder of the motion, Ford concludes its motion by observing "SNAPP'S vaguely plead First Amended Third-Party Complaint intentionally omits any references to dates as factual allegations that would support the timeliness of its claims." Respectfully, this is not SNAPP'S obligation. To the extent that the First Amended Third-Party Complaint is not susceptible to appropriate analysis under 12 (b)(6), for whatever reason, Ford's Motion hereunder cannot be granted.

SNAPP need not pled facts in support of the "timeliness of its claims." Motions of this nature, limited to that which is pled, are snapshots of the case as pled. SNAPP'S

pleadings in Counts XII and XIII, if vaguely pled, simply do not plead facts which place such counts outside the statutes of limitations as referenced in the Motion.

Count XII pleads no dates. Count XIII references dates in a conclusory fashion, but not specifically enough to analyze under 12(b)(6).

Because these particular matters can be resolved simply (and admittedly simplistically) the Special Master does not reach either the so called "discovery" or "continuing violation" arguments as they apply herein.

On several occasions, SNAPP has argued that Ford seems to ask for a ruling that events barred by the Statutes of Limitations are barred by the Statutes of Limitations. The Special Master agrees. If the rulings were otherwise, some form of evidentiary predicate would be required to determine which events were barred. That would require at least examination of evidence through affidavits or an evidentiary hearing. This goes beyond the scope of Rule 12 (b).

**C. Docket # 95.  Counts II-VI (Written and Oral Contract and Fraud Claims)**

### 1. Fraud Claims

Because the Special Master has recommended that the fraud claims should be dismissed pursuant to the Rule 56 motion, this motion should be deemed moot. Were it otherwise it should be denied because fraud is properly pled. Snapp has pled fraud with sufficient particularity with which to escape a motion to dismiss.

4

Both parties have argued sound legal principles with appropriate legal support. Those principles are:

1. Fraud cannot be premised solely on breach of contract.

2. An exception exists where a party at all times knew it was going to breach, and entered into the contract with that knowledge.

Snapp has sufficiently pled the fraud count such that the Motion to Dismiss should be denied.

### 2. Implied Contract Claims

Because the Special Master has recommended that the implied contract claims and conversion claims be dismissed pursuant to the Rule 56 motions, this motion should be deemed moot. Were it otherwise, the pleading of implied contract is sufficient to escape dismissal.

### 3. Statute of limitations

For the reasons stated in the discussion of docket #94, the Special Master recommends that the statute of limitations motions be denied.

Respectfully submitted,

s/Bryan H. Levy
Bryan H. Levy
Special Master

June 27, 2006