UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AUTO INDUSTRIES SUPPLIER EMPLOYEE
STOCK OWNERSHIP PLAN (ESOP),


                Plaintiff                              Hon. Avern Cohn
                                                         Case no. 03-74357
Vs.


SNAPP SYSTEMS, INC.,

                Defendant/Third Party Plaintiff


Vs


FORD MOTOR COMPANY, a Delaware
Corporation, SUSAN E. KOBET, Individually,
DIAN SENDEK MARCHESE, Individually,
CARMEN ZIRLES, Individually, and
JEFFREY D. COLLINS, Individually,


                Third Party Defendants
_____/

| | |
|---|---|
| E. Powell Miller (P39487) | Kenneth J. McIntyre (P17450) |
| David Fink | DICKINSON WRIGHT, P.L.L.C. |
| MILLER SHEA, P.C. | Attorney for Third Party Defendant |
| 950 West University Drive, Ste. 300 | 500 Woodward, Ste. 4000 |
| Rochester, MI 48703 | Detroit, MI 48226 |
| (248) 652-2852 | (313) 223-3500 |

Jeffrey D. Stamper, Esq.
JEFFREY D. STAMPER PLLC
Co-counsel for Third Party Plaintiff
9300 Shelbyville Road, Ste. 402A
Louisville, KY 40222
(502) 515-3343

**AMENDED REPORT AND RECOMMENDATION OF THE
SPECIAL MASTER REGARDING FORD'S MOTION
FOR SUMMARY JUDGMENT ON COUNTS III-VI OF
SNAPP'S AMENDED COMPLAINT FOR FRAUD, SILENT
FRAUD, UNJUST ENRICHMENT, QUANTUM MERIUT
AND PROMISSORY ESTOPPEL (DOCKET 217)**

This matter was referred to the undersigned as Special Master, pursuant to the

Order of the Honorable Avern Cohn dated January 27, 2006.  Briefs have been filed and

reviewed.  The Special Master requested and heard oral argument.

For the reasons stated herein, the Special Master recommends that:

> 1. Ford's motions for Summary Judgment on Counts V
> and VI (Fraud, Silent Fraud) should be GRANTED.

> 2. Ford's motion for Summary Judgment on Count III
> (Quantum Meruit and Unjust Enrichment) should be
> GRANTED IN PART AND DENIED IN PART.

> 3. Ford's motion for Summary Judgment on Count IV
> (Promissory Estoppel) should be GRANTED PART AND
> DENIED IN PART.

**I. PREFACE**

    **A. FRAUD AND SILENT FRAUD**

        **1. SYNOPSIS OF FORD'S POSITION**

Ford asserts that the fraud claims are premised on contractual duties.  Further, it is

argued that the merger clauses in the CCAs bar the claims, and the claims of fraud are

nothing more than promises of future performance.

As to the quasi contract claims, Ford maintains that Snapp's claims are governed

by the written contracts, and are barred by the statute of limitations.

        **2. SYNOPSIS OF SNAPP'S POSITION**

SNAPP disagrees that its fraud claims are reiterations of its contract claims.  It
repeats its arguments that the integration clauses were partial and do not bar the fraud
claims.

As to the equitable claims, SNAPP asserts that such were outside the written
agreements, and are compensable.

Finally, SNAPP argues that the statute of limitations do not bar the claims.

**B. UNJUST ENRICHMENT, QUANTUM MERIUT AND PROMISSORY
ESTOPPEL**

**1. Synopsis of Ford's Position**

Ford's position is that with respect to each of the above theories, there exists a
valid express contract.  An express contract vitiates implied contract theories.  The
services for which damages are sought are required contractually to be performed by
SNAPP.  Additionally, these theories are barred by the merger clause and the statute of
limitations.

**2. Synopsis of SNAPP's position**

SNAPP argues it was not paid for its additional services and none of them are
referenced in the CCAs.

**II. DISCUSSION**

**A. LEGAL STANDARD**

The parties to this lawsuit seemingly agree on the appropriate legal standard for
summary judgment under Rule 56.  The principles are obviously well known to the Court

and are only briefly summarized here.  The Special Master has selected the principles

from the parties' I-Ra-MPP briefs.

    1.  The movant has the burden of demonstrating an "absence of evidence to

support the non-moving party's case."  Celotex Corp. v Catrett, 477 U.S. 317, 325

(1986).

    2.  When that burden is met, the non-moving party must "do more than show that

there is some metaphysical doubt as to the material facts."  Matsushita Electrical

Indus. Co., Ltd. v Zenith Radio Corp., 475 U.S. 574, 586 (1986).

    3.  The inquiry is "whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law. Ashbrook v Block, 917 F.2d 918,921 (6th Cir., 1990).

    4.  Summary Judgment is only proper when there exists an "absence of a genuine

issue of material fact."  Street v J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th

Cir. 1989).

**B. FRAUD AND SILENT FRAUD**

The Special Master is constrained to agree with Ford's arguments regarding fraud.

While SNAPP took pains to plead Count V with great particularity, it cannot

change the character of the claims pled.  The fraud claim takes each breach of contract

claim, adds language of appropriate intent, and maintains such as a case of fraud.

These claims of antecedent promises are barred under Michigan law because of the integration clauses contained in the CCAs.

Finally, they are time barred by the statute of limitations.  The contract claims could not be barred because, in the opinion of the Special Master, there existed a genuine issue of material fact that there was a mutual and open account.  As will be discussed, there is no such theory that will save the fraud counts.

### 1. The character of the fraud claims

Ford argues that "many, if not most, of SNAPP's fraud claims are premised upon the breach of contractual duties." Ford's Brief, p. 3.  SNAPP counters in text and footnote suggesting the word "many" may not be helpful to a reasoned analysis.

It is however, possible to track such claims.  Paragraphs 42 and 43 allege nothing more than a repetition of the claims relative to of $200 million revenue, 2% operating profit and prompt payment.

Paragraphs 44-50 allege the same relative to revenue commitments and profit sharing.  Paragraphs 52-56 allege the same regarding payment.  Later paragraphs do allege additional claims not necessarily contractual.

Each of the claims, and Ford's view that they are many, if not most of the fraud claims, that are based on contractual duties, are properly the basis of Count II, breach of contract, and not fraud.  See Convergent Group Corp.  v County of Kent, 266 Facilitation Supp 2d 647 (W.D. Mich. 2003).

### 2. The effect of the merger clauses

Moreover, each of the fraud claims is barred by the merger clauses of the CCAs. The Special Master has opined in the Partnership portion of these reports, that the merger

5

clauses are not partial.  They bar all prior inconsistent evidence of the intent of the

parties.

    The Special Master believes that UAW-GM Human Resource Center v KSL

Recreation Corporation, 228 Mich App 486 (1998) is dispositive of this portion of the

motion.  UAW-GM speaks to the character of the fraud that must be shown to escape a

merger clause.  As was Byker v Mannes, 465 Mich 637 (2002) which case was discussed

in the Partnership portion of the report, UAW-GM was authored by Justice (then Judge)

Markman.

    In that case, a contract was executed for the use by UAW  ("Plaintiff")of Doral

Resort and Country Club for a convention.  The agreement contained a merger clause.

Plaintiff claimed it had a collateral promise that the hotel would be union staffed.  The

hotel was later sold to defendant who staffed it with a non union force.  Upon refusal to

refund the down payment, Plaintiff brought suit, alleging breach of contract and fraud.

    The Court began its analysis by noting the case of NAG Enterprises, Inc. v All

State Industries, Inc., 407 Mich 407 (1979.  NAG had established four exceptions to the

parol evidence rule.  Those exceptions were, (1)that the writing was a sham, not intended

to create legal relations, (2) that the contract has no efficacy or effect because of fraud,

illegality or mistake,  (3) that the parties did not integrate their agreement or assent to it

as the final embodiment of their understanding, or (4) that the agreement was only

partially integrated because essential elements were not reduced to writing. UAW-GM,

228 Mich App 486,493, citing NAG, supra, at 410-411.

    The Court then indicated that the inquiry was whether parol evidence is

admissible "with regard to the threshold question of integration even when the written

agreement includes an explicit merger or integration clause." <u>UAW-GM</u> at 493.  The

Court held in the negative, limiting the test in <u>NAG</u> to cases in which there is no valid

merger clause.

The Court held:  "..when the parties include an integration clause in their written

contract, it is conclusive and parol evidence is not admissible to show that the agreement

is not integrated except in cases of fraud that invalidate the integration clause or where an

agreement is obviously incomplete "on its face and, therefore, parol evidence is necessary

for the "filling of gaps."" <u>UAW-GM at 502.</u>

SNAPP has argued that <u>UAW-GM</u>  gives inappropriate weight to the <u>NAG</u> case.

That may or may not be true.  <u>UAW-GM's</u> holding is clear.

There is no argument that parol is necessary to fill gaps in this case.  The CCAs

are facially complete.  Parol, therefore is only admissible if there exists fraud which

would invalidate the integration clause itself.  As in UAW-GM, fraud of that character is

not alleged.  SNAPP  has not argued the CCAs are not contracts.  It has argued the scope

of the contracts.  SNAPP has not argued fraud which vitiates the merger clause.  It has

argued the scope of the clause.

It is clear, therefore, that all prior inconsistent statements, of any character, are

barred.  That is, whether the statements support contractual, quasi-contractual, or fraud

counts, they may not be admitted to contradict the terms and conditions of the CCAs.

As stated in other portions of this report, the Special Master believes that

SNAPP's partial integration theory is incorrect.  The CCAs say what they say and mean

what they mean.  Their intent is to define the relationship of the parties, the transactions

of the parties and the compensation therefor.  They contemplate other agreements.

However, the CCAs are the foundational contractual documents in this case and for these parties.  They are such because the parties so agreed.

As Ford pointed out, SNAPP's then President, Bhagwan P. Thacker ("Thacker"), was asked if the agreement, referring to the 1991 CCA purported "to set out the whole relationship that you had, that DSSI had with Ford?"  To which Thacker replied, "Yes, I believe so."  Ford's brief, p. 6 citing Ex. 92, Thacker Midwest Dep. 192:23-193:1.

As to silent fraud, it is clear that as the merger clauses bar evidence inconsistent with the CCAs, they bar silent obligations as well.

In conclusion, the fraud allegations of Counts V and VI are barred.


## C. QUANTUM MERIUT, UNJUST ENRICHMENT AND PROMISSORY ESTOPPEL

### 1. The services for which compensation is sought are covered by the CCAs

Paragraph 9.1 of the CCAs provides for Additional Services and payment for additional services.  It is unclear for what services damages are sought.  To the extent the damages for additional services are other than those referenced therein, they survive this motion.

### 2. Evidence supporting claims for equitable remedies are barred by the integration clauses of the CCAs.

As stated earlier in this report, UAW-GM, supra, bars evidence necessary to support the equitable claims.

8

**III. SNAPP'S CLAIMS UNDER COUNTS III, IV, V, AND VI ARE BARRED BY THE STATUTES OF LIMITATIONS**

**A. PROCEDURE**

The Special Master agreed with SNAPP that the motions to dismiss seemingly requesting a ruling that claims which are time barred are in fact time barred. It is more appropriate to rule on this matter summarily.

It is now timely to rule on whether any of these claims survive statutes of limitation. See MCLA 600.5807(8). They do not.

**B. BASIS FOR RULING**

**1. Claims based on dismissed theories**

The Special Master has already indicated that the Partnership, fraud and quasi contract theories cannot survive the Motions for Summary Judgment. They cannot therefore support SNAPP's claims that they provide evidence which escapes the statutes of limitations.

For example, SNAPP argues that it was "Fraudulently induced to partner with Ford." SNAPP's Brief, p. 5. Because there was no partnership, there can be no fraudulent inducement to partner. There can be no relationship based on partnership, that is, one of "Trust and Confidence." See SNAPP's Brief, p. 16.

**2. Distinction of Count II, contract**

The Special Master denied summary judgment on Count II because it is believed that a mutual and open account exists between the parties.

**3. The "Discovery" Rule does not apply**

9

In <u>Boyle</u> v <u>General Motors Corporation</u>, 468 Mich 226 (2003), the Michigan Supreme Court squarely held that the discovery rule does not extend the statute of limitations for fraud.

Defendants (General Motors and two divisions) had sought leave to appeal from the Michigan Court of Appeals.  In lieu of granting leave, the Court reversed the Court of Appeals.

Plaintiffs (Boyle and Pat Boyle Chevrolet, Inc.), had apparently purchased a car dealership in 1988.  It went out of business in 1992.  She brought suit in 1999, claiming she had discovered fraud in 1995.

Defendants moved for summary disposition under the statute of limitations. Plaintiffs argued that a discovery rule in fraud cases applies.  It effectively would provide that a cause of action for fraud accrues when a plaintiff discovers or, should have discovered by exercise of reasonable care, the cause of action.  <u>Boyle, supra,</u> at 228.

The Court noted that a claim accrues when the wrong is done.  <u>Boyle, supra,</u> at 231.

In this case, the alleged wrongs were done, if at all, outside the statute of limitations.  They are time barred.

**4. The "Continuing Wrong Doctrine does not apply**

In <u>Blazer Foods</u> v <u>Restaurant Properties, Inc.,</u> 259 Mich App 241 (2003) the Michigan Court of Appeals declined to apply the Continuing Act Doctrine to contracts cases.  In <u>Garg</u> v <u>Macomb County Community Health Services,</u> 472 Mich 273 (2005) it declined to do so on cases controlled by MCLA 600.5805.

There is no continuing wrong doctrine in fraud cases.

**5. The "Standstill" Agreement is of no avail**

Midwest Business Systems filed suit against SNAPP and Ford in 1996.  SNAPP and Ford entered into an agreement (SNAPP calls it a "standstill agreement and Ford a Joint Defense Agreement).  It apparently served to toll statutes of limitation.  However, the lawsuit was settled and releases signed by these parties.  The tolling ceased.

**III. CONCLUSION**

It is respectfully recommended that the Court grant the motion for Summary Judgment as requested as to Counts V and VI, fraud and silent fraud.  Additional evidence may be required on the sole issue of whether the additional services for which damages are sought on Counts III and IV, as to unjust enrichment, quantum meruit and promissory estoppel are within or outside the CCAs.

Respectfully,

s/Bryan H. Levy

Bryan H. Levy

Special Master

July 13, 2006

11