UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO INDUSTRIES SUPPLIER EMPLOYEE
STOCK OWNERSHIP PLAN (ESOP),

       Plaintiff                     Hon. Avern Cohn
                                       Case no. 03-74357

vs.

SNAPP SYSTEMS, INC.,

       Defendant/Third Party Plaintiff

vs.

FORD MOTOR COMPANY, a Delaware
Corporation, SUSAN E. KOBET, Individually,
DIAN SENDEK MARCHESE, Individually,
CARMEN ZIRLES, Individually, and
JEFFREY D. COLLINS, Individually,

       Third Party Defendants
_____/

| | |
|---|---|
| E. Powell Miller (P39487) | Kenneth J. McIntyre (P17450) |
| David Fink | DICKINSON WRIGHT, P.L.L.C. |
| MILLER SHEA, P.C. | Attorney for Third Party Defendant |
| 950 West University Drive, Ste. 300 | 500 Woodward, Ste. 4000 |
| Rochester, MI 48703 | Detroit, MI 48226 |
| (248) 652-2852 | (313) 223-3500 |

Jeffrey D. Stamper, Esq.
JEFFREY D. STAMPER PLLC
Co-counsel for Third Party Plaintiff
9300 Shelbyville Road, Ste. 402A
Louisville, KY 40222
(502) 515-3343

**REPORT AND RECOMMENDATION OF THE
SPECIAL MASTER REGARDING DOCKET # 218,
FORD'S MOTION FOR SUMMARY JUDGMENT
(PARTIAL) ON COUNT II OF SNAPP'S FIRST
AMENDED COMPLAINT (BREACH OF CONTRACT)**

This matter was referred to the undersigned as Special Master, pursuant to the Order of the Honorable Avern Cohn dated January 27, 2006. Briefs have been filed and reviewed. The Special Master requested and heard Oral Argument.

For the reasons stated herein, the Special Master recommends that Ford's Motion for Summary Judgment be DENIED.

**I. PREFACE**

Genuine issues of material fact exist as to all matters raised in this motion. Some may be suited to a motion for directed verdict at the appropriate time. None, however, are appropriate for summary treatment.

**A. SYNOPSIS OF FORD'S MOTION**

1. All alleged breaches of contract which pre-date September 23, 1996 are barred by the statute of limitations.

2. The integration clauses of the CCAs bar evidence of alleged oral promises or commitments made prior to execution of the CCAs.

3. There is no factual support for the claims alleged in Count II.

**B. SYNOPSIS OF SNAPP'S RESPONSE**

1. Snapp's claims are not time barred.

2. The CCAs at best contain a partial merger clause.

    3. Sufficient factual support exists to deny the motion.

## II. DISCUSSION

### A. LEGAL STANDARD

The parties to this lawsuit seemingly agree on the appropriate legal standard for summary judgment under Rule 56.  The principles are obviously well known to the Court and are only briefly summarized here.  The Special Master has selected the principles from the parties' I-Ra-MPP briefs.

    1. The movant has the burden of demonstrating an "absence of evidence to support the non-moving party's case." Celotex Corp. v Catrett, 477 U.S. 317, 325 (1986).

    2. When that burden is met, the non-moving party must "do more than show that there is some metaphysical doubt as to the material facts." Matsushita Electrical Indus. Co., Ltd. v Zenith Radio Corp., 475 U.S. 574, 586 (1986).

    3. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Ashbrook v Block, 917 F.2d 918,921 (6th Cir., 1990).

4. Summary Judgment is only proper when there exists an "absence of a genuine issue of material fact." <u>Street</u> v <u>J.C. Bradford & Co.,</u> 886 F.2d 1472, 1479-80 (6th Cir. 1989).

### B. STATUTE OF LIMITATIONS

Certain of the arguments have appeared in so many motions it is difficult to decide which motion serves as the proper forum for discussion.

Ford makes an appealing argument. It suggests that the Court simply should not be hearing breaches of contract claims which emanate from 1991, citing <u>Blazer</u> <u>Foods</u> v <u>Restaurant Prop</u>, 259 Mich App 241 (2003) for the proposition that a breach of contract occurs upon failure to perform.

In the motion relative to the fraud counts, the Special Master reviews the "discovery" and "continuing wrong" theories, and finds them inapplicable under Michigan law. However, Snapp also cites the Mutual and Open Account Statute, MCLA 600.5832 which states "In actions brought to recover the balance due upon a mutual and open account, the claim accrues at the time of the last item proved in the account."

In oral argument, Ford maintained such was not pled. It was also argued in its Motion to Dismiss (Docket # 95). It cited MCLA 600.2145, stating, "If SNAPP intended to plead such a cause of action, it needed to comply with MCLA 600.2145." Ford's Motion to Dismiss, Reply Brief, p. 5.

This is incorrect. Section 2145 is intended to create a mechanism whereby a plaintiff can present a prima facie case without witnesses. The required affidavit serves that purpose unless met with a counter affidavit.

Also, in an unreported case cited by Ford, <u>Wausau Underwriter's Insurance Company</u> v <u>Vulcan Development, Inc.</u>, 2001 WL 34089607, not only was the statute not pled by Plaintiff, but appears to be raised by Defendant in its brief.

The Special Master is not ruling that there exists a Mutual and Open Account, but there exists material issues of fact about its existence. These factual issues include, but are not limited to testimony of David Schmidt, that the "parties could not determine the amounts owing to each other until the end of their relationship." Snapp's Brief, p. 3, citing David Schmidt Dep., p. 134. It is apparently disputed whether Ford refused to complete an accounting process in 2002.

Issues of fact exist as to whether their existed an open and mutual account, and when the final activity occurred with respect to that account.

It is therefore, respectfully concluded that the statute of limitations does not bar summarily Snapp's contractual claims.

**B. THE INTEGRATION CLAUSES OF THE CCAs DO NOT REQURE DISMISSAL OF CONTRACT CLAIMS FOR BREACH OF CONTRACT.**

The Special Master understands the parol evidence rule not to bar claims, but to require the exclusion of evidence. Such evidence may be material and relevant, but is precluded in deference to policies favoring written agreements as a final statement of the parties' contractual intent. Preclusion of such evidence is more properly the function of a motion in limine.

The problem with preclusion of such evidence is not simply a function of whether the matter is properly brought. As Ford's counsel has argued, the parol evidence rule

5

bars evidence that is both prior to and inconsistent with an agreement with a merger clause.

Even if prior promises are precluded, there is ample such evidence after the execution of the CCAs which support the prior oral promises.

As with the statute of limitations argument, there are genuine issues of material fact which support denial of the motion. Snapp's brief, p. 7.-13.

### C. FACTUAL SUPPORT FOR COUNT II

Ford here argues it did not undertake the contractual commitments claimed in Count II. Snapp responded with significant evidence of such commitments, which if believed by the finder of fact would support a finding in its favor. This includes the 1996 Agreement, testimony of David Schmidt (Ex. 93, David Schmidt Dep., p. 138), and a reasoned argument based on the language of the CCAs themselves.

### III. CONCLUSION

It is respectfully recommended that the Court deny the Motion for Summary Judgment for the reasons stated above.

Respectfully,

s/Bryan H. Levy

Bryan H. Levy

Special Master

June 27, 2006

6