UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO INDUSTRIES SUPPLIER EMPLOYEE
STOCK OWNERSHIP PLAN (ESOP),

    Plaintiff           Hon. Avern Cohn
                     Case no. 03-74357
Vs.

SNAPP SYSTEMS, INC.,

    Defendant/Third Party Plaintiff

Vs

FORD MOTOR COMPANY, a Delaware
Corporation, SUSAN E. KOBET, Individually,
DIAN SENDEK MARCHESE, Individually,
CARMEN ZIRLES, Individually, and
JEFFREY D. COLLINS, Individually,

    Third Party Defendants
_____/

| | |
|---|---|
| E. Powell Miller (P39487) | Kenneth J. McIntyre (P17450) |
| David Fink | DICKINSON WRIGHT, P.L.L.C. |
| MILLER SHEA, P.C. | Attorney for Third Party Defendant |
| 950 West University Drive, Ste. 300 | 500 Woodward, Ste. 4000 |
| Rochester, MI 48703 | Detroit, MI 48226 |
| (248) 652-2852 | (313) 223-3500 |

Jeffrey D. Stamper, Esq.
JEFFREY D. STAMPER PLLC
Co-counsel for Third Party Plaintiff
9300 Shelbyville Road, Ste. 402A
Louisville, KY 40222
(502) 515-3343

**REPORT AND RECOMMENDATION OF THE
SPECIAL MASTER REGARDING FORD'S MOTION
FOR SUMMARY JUDGMENT ON COUNTS IX-XII OF SNAPP'S
FIRST AMENDED COMPLAINT FOR VIOLATION OF THE
MICHIGAN UNIFORM TRADE SECRETS ACT, THE MICHIGAN
SALES REPRESENTATIVE COMMISSIONS ACT, STATUTORY
AND COMMON LAW CONVERSION AND TORTIOUS
INTERFERENCE BY THIRD PARTY DEFENDANTS(Docket #
219)**

This matter was referred to the undersigned as Special Master, pursuant to the Order of the Honorable Avern Cohn dated January 27, 2006. Briefs have been filed and reviewed. The Special Master requested and heard oral argument.

For the reasons stated herein, the Special Master recommends that the motions for Summary Judgment as to:

    1. Count IX-Violation of Michigan Uniform Trade Secrets Act be GRANTED in part and DENIED in part.

    2. Count X-Conversion be GRANTED.

    3. Count XI-Violation of Michigan Sales Representative Commissions Act be GRANTED.

    4. Count XII-Tortious Interference be DENIED.

## I. PREFACE

### A. SYNOPSIS OF FORD'S MOTIONS

#### 1. Violation of Michigan Uniform Trade Secrets Act

Ford alleges that the Michigan Trade Secrets Act ("MUTSA") does not apply because SNAPP's secrets had no independent economic value and were not protected by SNAPP.

### 2. Conversion

Ford alleges that statutory conversion does not lie because it did not aid another in the conversion. As to common law conversion, the property allegedly converted was not specific, the claims are displaced by MUTSA, and Ford owned the property allegedly converted.

### 3. Michigan Sales Representative Commissions Act

Ford alleges that SNAPP was a purchasing agent, not a sales representative under the Michigan Sales Representative Commissions Act ("MSRCA").

### 4. Tortious Interference

Ford alleges that it had a legitimate business reasons for its actions complained of by SNAPP and SNAPP had no reasonable prospective relationship with Ford's suppliers.

### B. SYNOPSIS OF SNAPP'S RESPONSE

### 1. Violation of MUTSA

SNAPP alleges that its secrets possessed independent economic value and were appropriately protected.

### 2. Conversion

As to statutory conversion, SNAPP alleges that Ford aided another within the meaning of the statute. As to common law conversion, it alleges it owned the property converted and MUTSA does not displace its claims.

### 3. Violation of MSRCA

SNAPP alleges it was a sales agent within the meaning of the statute.

### 4. Tortious Interference

SNAPP alleges that Ford committed per se wrongful acts, that its actions were not legitimately motivated and SNAPP had a reasonable prospective relationship with Ford's suppliers.

## II. DISCUSSION

### A. LEGAL STANDARD

The parties to this lawsuit seemingly agree on the appropriate legal standard for summary judgment under Rule 56. The principles are obviously well known to the Court and are only briefly summarized here. The Special Master has selected the principles from the parties' I-Ra-MPP briefs.

1. The movant has the burden of demonstrating an "absence of evidence to support the non-moving party's case." Celotex Corp. v Catrett, 477 U.S. 317, 325 (1986).

4

2. When that burden is met, the non-moving party must "do more than show that there is some metaphysical doubt as to the material facts." Matsushita Electrical Indus. Co., Ltd. v Zenith Radio Corp., 475 U.S. 574, 586 (1986).

3. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Ashbrook v Block, 917 F.2d 918,921 (6th Cir., 1990).

4. Summary Judgment is only proper when there exists an "absence of a genuine issue of material fact." Street v J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989).

### B. ANALYSIS OF SPECIFIC MOTIONS

#### 1. Violation of MUTSA

This statute, M.C.L. 445.1910 et. seq. took effect October 1, 1998. Bliss Clearing Niagra, Inc. v Midwest Brake Bond Co., 270 F.Supp 2d 943 (W.D. Mich 2003). The "act displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." M.C.L. 445.1908(a). Among those remedies displaced are conversion and common law misappropriation. Bliss, supra, at 951.

However, in a case arising out of this district, McKesson Medical—Surgical, Inc. v Micro Bio-Medics, Inc. 266 F. Supp. 2d (E.D. Mich. 590 2003), the Court took a more

restrictive view of the statute's displacement of tort remedies. "In this Court's opinion, MUTSA only preempts other civil remedies that involve trade secrets." McKesson, supra, at 600.

Ford correctly defines a trade secret as a "formula, patter, compilation, program, device, method, technique or process" that (1) derives independent economic value from the nature of its not being generally known and (2) is the subject of reasonable efforts to maintain that unknown nature. Ford's brief, p. 9, citing M.C.L. 445.1902 (d). Its claim is that neither of the required components are present.

To support this proposition, it cites its relationship with SNAPP.

SNAPP' response as to the independent economic value is sufficient to defeat summary judgment. Not so its efforts to maintain secrecy.

SNAPP's argument is that its relationship with Ford is a partnership. Secrecy is therefore mandated by the fiduciary nature of that relationship.

The Special Master has ruled in favor of Ford's Motion for Summary Judgment on Count I-Partnership. As SNAPP seems to only argue secrecy to the extent of the existence of a partnership and its attendant fiduciary relationship, it is the opinion of the Special Master that Summary Judgment must also issue on this count.

As to the common law claims for Misappropriation of Confidential Business Information, the Special Master follows McKesson, supra, and recommends denial of this portion of the Motion.

Hayes-Albion v Kuberski, 421 Mich 170 (1984) adopted the Restatement of Torts list of six factors as a non comprehensive starting point with which to analyze common law trade secret cases.

Under Hayes-Albion, and solely because of the ruling in McKesson, the Special Master believes the common law misappropriation aspect of the count is viable.

### 2. Conversion

As both parties acknowledge, the conversion statute speaks to accomplices, not the appropriating wrongdoer. SNAPP's sole allegation under the conversion statute is Paragraph 115 which states, "Ford received and/or aided in the concealment of stolen, embezzled or converted property…"

Its theory, without evidentiary support, is that Ford aided separate entities Covisint and AutoXchange in the concealment of SNAPP's property. Even if it aided those entities, Ford did so with property stolen by Ford, if the allegations are true. The Motion for Summary Judgment must be granted as to statutory conversion.

As for common law conversion, SNAPP effectively concedes it cannot prevail on its money claims. SNAPP's brief, P. 9. As to confidential information, while not preempted by MUTSA, summary judgment must issue here as well, as SNAPP cannot identify property allegedly converted except by reference to the "partnership." SNAPP's Brief, p. 10.

### 3. Violation of MSRCA

A sales representative is "a person who contracts with or is employed by a principal for the solicitation of orders or the sale of goods and is paid, in whole or in part, by commission. Sales representative does not include a person who places an order for

7

sale for a product on his or her own account for resale by that sales representative."
M.C.L. 600.2961 (1)(e).

The evidence supporting Ford's proposition that SNAPP was a purchasing agent not a sales agent is overwhelming and is contradicted by no competent evidence. The CCAs support this proposition. Paragraphs 9, 12, and 44 of the First Amended Third Party Complaint supports this proposition. Mr. Thacker's testimony supports this proposition. Ex. 92, Thacker Midwest Dep., 197:15-19. The Motion for Summary Judgment should be granted.

### 4. Tortious Interference

Torts such as the one under analysis pose particular problems when considering Summary Judgment. Where concepts of "legitimate" business reasons, "unjustified" instigation of a breach, "malice" and "improper" interference are to be scrutinized, summary judgment is rarely appropriate. This is because the analysis borders on quantitative, which is the province of the finder of fact.

SNAPP alleges in Count XII that "Without legitimate business justification, and by fraudulent and wrongful means, Ford intentionally induced suppliers to abandon their contractual relationship, business relationships and expectancies with SNAPP…" SNAPP's First Amended Third Party Complaint and Jury Demand,
Paragraph 129.

Ford argues that Count XII must be dismissed "first, because Ford's action in canceling the purchase was not wrongful and second, because SNAPP had no valid contracts with the third-party suppliers for Ford to interfere with." Ford's brief, p. 2.

As to the first prong of the above assertion, as indicated, it is well within the province of the jury. As to the second, SNAPP's response, whether or not accurate demonstrates genuine issues of material fact. SNAPP argues that in sworn testimony, it has alleged interference with its "its agreements with Loral and General Motors, as to price, service levels, and compensation decisions. SNAPP's brief, p. 3.

Whether the tort is Interference with a Contract or Business Relationship, the required findings are of fact, not law.

### III. CONCLUSION

It is respectfully recommended that the Court grant the Motions for Summary Judgment relative to:

> **1. Count IX-Violation of Michigan Uniform Trade Secrets Act in part**
>
> **2. Count X-Conversion**
>
> **3. Count XI-Violation of Michigan Sales Representative Commissions Act**

It is respectfully recommended that the Court deny the Motions for Summary Judgment relative to:

> **1. Count IX-Violation of Michigan Uniform Trade Secrets Act in part**
>
> **2. Count XII-Tortious Interference**

Respectfully,

s/Bryan H. Levy
Bryan H. Levy
Special Master
June 27, 2006