UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO INDUSTRIES SUPPLIER EMPLOYEE
STOCK OWNERSHIP PLAN (ESOP),

    Plaintiff             Hon. Avern Cohn
                      Case no. 03-74357

Vs.

SNAPP SYSTEMS, INC.,

    Defendant/Third Party Plaintiff

Vs

FORD MOTOR COMPANY, a Delaware
Corporation, SUSAN E. KOBET, Individually,
DIAN SENDEK MARCHESE, Individually,
CARMEN ZIRLES, Individually, and
JEFFREY D. COLLINS, Individually,

    Third Party Defendants
_____/

E. Powell Miller (P39487)         Kenneth J. McIntyre (P17450)
David Fink               DICKINSON WRIGHT, P.L.L.C.
MILLER SHEA, P.C.           Attorney for Third Party Defendant
950 West University Drive, Ste. 300     500 Woodward, Ste. 4000
Rochester, MI 48703           Detroit, MI 48226
(248) 652-2852              (313) 223-3500

Jeffrey D. Stamper, Esq.
JEFFREY D. STAMPER PLLC
Co-counsel for Third Party Plaintiff
9300 Shelbyville Road, Ste. 402A
Louisville, KY 40222
(502) 515-3343

**REPORT AND RECOMMENDATION OF THE
SPECIAL MASTER REGARDING FORD'S MOTION
FOR SUMMARY JUDGMENT OF SNAPP'S FIRST AMENDED
COMPLAINT, COUNT XIII ALLEGING RACE
DISCRIMINATION (Docket # 222)**

This matter was referred to the undersigned as Special Master, pursuant to the Order of the Honorable Avern Cohn dated January 27, 2006. Briefs have been filed and reviewed. The Special Master requested and heard oral argument.

For the reasons stated herein, the Special Master recommends that Ford's Motion for Summary Judgment be GRANTED.

## I. PREFACE

### A. SYNOPSIS OF FORD'S MOTION

Ford argues that there is no evidence that SNAPP was treated differently than other similarly situated non-minority suppliers. Further, it argues that there is no evidence that Ford's reason for not renewing the relationship with SNAPP was non pretextual.

### B. SYNOPSIS OF SNAPP' RESPONSE

SNAPP argues that it was treated differently that Ford's non-minority suppliers, that Ford did not have a legitimate business reason for not renewing the relationship, and that to the extent a legitimate business reason existed, it was a pretext for discrimination.

## II. DISCUSSION

### A. LEGAL STANDARD

The parties to this lawsuit seemingly agree on the appropriate legal standard for summary judgment under Rule 56. The principles are obviously well known to the Court and are only briefly summarized here. The Special Master has selected the principles from the parties' I-Ra-MPP briefs.

1. The movant has the burden of demonstrating an "absence of evidence to support the non-moving party's case." Celotex Corp. v Catrett, 477 U.S. 317, 325 (1986).

2. When that burden is met, the non-moving party must "do more than show that there is some metaphysical doubt as to the material facts." Matsushita Electrical Indus. Co., Ltd. v Zenith Radio Corp., 475 U.S. 574, 586 (1986).

3. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Ashbrook v Block, 917 F.2d 918,921 (6th Cir., 1990).

4. Summary Judgment is only proper when there exists an "absence of a genuine issue of material fact." Street v J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989).

**B. ANALYSIS OF MOTION**

42 U.S.C. 1981 affords to all persons the same right to make and enforce contracts. In McDonnell Douglas Corp v Green, 411 U.S. 792 (1973), the Court held that

a plaintiff has the initial burden of "of establishing a prima facie case of racial discrimination. McDonnell, at 802. To do so, Plaintiff must provide evidence that he or she:

> 1. are a member of a protected class;
>
> 2. suffered an adverse action at the hands of the defendant in pursuit of a contractual relationship;
>
> 3. were qualified to continue in pursuit of the alleged contractual relationship; and
>
> 4. were treated differently from similarly situated parties who are not members of the protected class. Bell v Ohio State University, 351 F.3d 240,253 (6th cir. 2003).

Upon so doing, the "burden then must shift..to articulate some legitimate, nondiscriminatory reason for the …rejection." McDonnell, id.

Ford first argues that SNAPP cannot make the initial showing. This argument has merit. SNAPP's response begins by arguing that the racially discriminatory conduct is that conduct which gave rise to the other counts in the First Amended Third Party Complaint, such as its "(i) refusal to negotiate in good faith the renewal of the 1996 Amendment, which included an express clause to do so; (ii) demanding an 80% plus reduction in price without any consideration or corresponding decrease in service level; (iii) termination of a nine year long, mutually beneficial relationship with multiple agreements without even the customary notice period given to a similarly situated majority supplier; and (iv) continuously requiring SNAPP to renounce legal protection of its contractual rights as a condition precedent both to Ford's continuation the

4

Ford/SNAPP relationship according to the parties' Partnership and previous agreements and also to Ford's not diminishing SNAPP's contractual rights and expectations or terminating the parties' relationship." SNAPP's brief, pp. 1-2.

SNAPP then seems to argue that upon production of certain performance metrics, it can fulfill its burden. The Special Master is not aware of the status of discovery issues and what additional evidence SNAPP might expect.

The Court is asked to infer from the conduct cited above, which conduct is also the support for most of SNAPP's other claims, discriminatory conduct. The Special Master respectfully suggests that such an inference is without evidentiary support. That Ford may not have negotiated in good faith despite an obligation to do so does not without more allow for an inference of discriminatory conduct.

That Ford demanded an 80% reduction in price gives rise to no discriminatory inference, nor does termination of a nine year relationship. What is required and absent is evidentiary support not for the propositions cited, but for the bald assertion such were borne of discriminatory intent.

Without such a demonstration, no burden shifts to Ford.

Should the Court be constrained to disagree with the Special Master, and should the Court look to the legitimacy of Ford's reasons for termination, and particularly whether such are pretextual, summary judgment is less appropriate. SNAPP claims pretext by citing to examples of continued outsourcing of work to other and presumably majority suppliers. These claims are supported by evidence, which seemingly would preclude summary treatment. SNAPP's brief, p 13.

However, the dearth of evidence on the burden SNAPP initially bears mandates granting of the Motion for Summary Judgment.

## III. CONCLUSION

The Special Master respectfully recommends the Court grant the Motion for Summary Judgment on Count XIII of SNAPP's First Amended Third Party Complaint.

Respectfully,

s/Bryan H. Levy

Bryan H. Levy

Special Master