UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO INDUSTRIES SUPPLIER EMPLOYEE
STOCK OWNERSHIP PLAN (ESOP),

    Plaintiff               Hon. Avern Cohn
                        Case no. 03-74357

Vs.

SNAPP SYSTEMS, INC.,

    Defendant/Third Party Plaintiff

Vs

FORD MOTOR COMPANY, a Delaware
Corporation, SUSAN E. KOBET, Individually,
DIAN SENDEK MARCHESE, Individually,
CARMEN ZIRLES, Individually, and
JEFFREY D. COLLINS, Individually,

    Third Party Defendants
_____/

E. Powell Miller (P39487)         Kenneth J. McIntyre (P17450)
David Fink               DICKINSON WRIGHT, P.L.L.C.
MILLER SHEA, P.C.           Attorney for Third Party Defendant
950 West University Drive, Ste. 300     500 Woodward, Ste. 4000
Rochester, MI 48703           Detroit, MI 48226
(248) 652-2852             (313) 223-3500

Jeffrey D. Stamper, Esq.
JEFFREY D. STAMPER PLLC
Co-counsel for Third Party Plaintiff
9300 Shelbyville Road, Ste. 402A
Louisville, KY 40222
(502) 515-3343

**REPORT AND RECOMMENDATION OF THE
SPECIAL MASTER REGARDING SNAPP'S MOTION
FOR PARTIAL SUMMARY JUDGMENT RELATING TO
AGREEMENT BETWEEN FORD AND SNAPP DATED OCTOBER
1, 1999 (Docket # 240) AND FORD'S MOTION FOR SUMMARY
JUDGMENT (Docket # 269)**

This matter was referred to the undersigned as Special Master, pursuant to the Order of the Honorable Avern Cohn dated January 27, 2006. Briefs have been filed and reviewed. The Special Master requested and heard oral argument.

For the reasons stated herein, the Special Master recommends that:

    I. SNAPP's motion for Summary Judgment that it used the correct methodology in calculating the 2% operating profit should be GRANTED. Consequently, Ford's motion for Summary Judgment on that issue should be DENIED.

    II. SNAPP'S motion for Summary Judgment that Ford breached the 1999 Agreement by canceling purchase orders should be DENIED. Ford's motion for Summary Judgment on that issue should be GRANTED.

## I. PREFACE

The matters pending are limited to construction of portions of the 1999 Agreement. They are purely issues of law, having no factual component.

### A. SYNOPSIS OF SNAPP'S POSITION

    1. SNAPP'S Methodology in calculating the 2% profit is correct.

    2. FORD breached the 1999 agreement by canceling certain purchase orders.

### B. SYNOPSIS OF FORD'S POSITION

    1. FORD'S methodology in calculating the 2& profit is correct.

    2. FORD had the right to terminate the purchase orders.

## II. DISCUSSION

### A. LEGAL STANDARD

The parties to this lawsuit seemingly agree on the appropriate legal standard for summary judgment under Rule 56. The principles are obviously well known to the Court and are only briefly summarized here. The Special Master has selected the principles from the parties' I-Ra-MPP briefs.

    1. The movant has the burden of demonstrating an "absence of evidence to support the non-moving party's case." Celotex Corp. v Catrett, 477 U.S. 317, 325 (1986).

    2. When that burden is met, the non-moving party must "do more than show that there is some metaphysical doubt as to the material facts." Matsushita Electrical Indus. Co., Ltd. v Zenith Radio Corp., 475 U.S. 574, 586 (1986).

    3. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Ashbrook v Block, 917 F.2d 918, 921 (6th Cir., 1990).

4. Summary Judgment is only proper when there exists an "absence of a genuine issue of material fact." Street v J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989).

### B. ANALYSIS OF MOTIONS

#### 1. CALCULATION OF 2% PROFIT

This may be the most intriguing of the disputes between these parties. With knowledge that the relationship is ending, that the parties disagree on the meaning of almost every aspect of that relationship, that all involved, including counsel, are highly sophisticated, that according to the Briefs, numerous drafts of Paragraph 1.7(b) preceded the language before the Court, and that the language was certain to be scrutinized by a judge and/or jury, the Parties nonetheless both completely disagree as to the meaning of the Paragraph, and view their respective positions as possessing absolute clarity.

This is a matter of construing the language of a contract. There is no factual dispute. Having said this, the parties do dispute the numbers. The numbers presented are for illustrative purposes only. Summary judgment is sought on the respective methods of calculations, not the actual damages referenced.

SNAPP's Table 1 of its Brief illustrates the dispute. The parties agree on the methodology through line 7. That is, line 4 represents operating costs to be added in to the 2% profit.

The parties then add lines 5, 6, and 7. Here is the essence of the dispute.

If SNAPP is correct, from that total is deducted its line 8, which represents a mark up from Paragraph 4.1.  The remainder is multiplied by the 2%.

If Ford is correct, lines 5-7 are added, and 2% calculated from that sum.  From that amount the mark up is deducted.

SNAPP is correct.  First, "The colon that precedes subsection 1.7(b)(i) clearly shows that everything appearing after that should be grouped together."  SNAPP's brief, p. 10.

Second, David Schmitt, project manager, wrote SNAPP regarding its interpretation of the paragraph.  That interpretation required the striking as "extraneous" of virtually 90% of the language in the paragraph. Ex. 57, letter from Schmitt to Miller, 3/31/00.  SNAPP's Brief, p. 6.

Such an interpretation is strained at best.

Third, and with some irony, there is a merger clause which precludes Ford's argument with respect to prior drafts of this language.

The Special Master recommends SNAPP's motion should be granted.


B.  CANCELLATION OF PURCHASE ORDERS

The 1999 Agreement ended on December 31, 1999.  Following the end of the Agreement, Ford terminated certain of the transactions.  These were "Type II Transactions, defined as those "PN/PO/Release issued by Ford, PO may or may not have been issued by SNAPP, product or services not received by Ford, SNAPP not paid by Ford." Ex. 46.

5

In March and April, 2000, some of the Type II transactions were rescinded by Ford.  SNAPP claims that Section 1.7(f), which provides "In all respects, the normal routine practice of Ford Purchasing will be adhered to with no attempts to alter or influence the dates to avoid payment of the mark-up and/or fee," precludes such action.

Ford counters by arguing that the intent of the section referred to was to control Ford's conduct <u>during</u> the term of the Agreement, not after.  The Special Master agrees.

Additionally, Section 1.7 (a) requires that " SNAPP shall (i) at the close of business on December 31, 1999 terminate promptly all work under this Agreement on all transaction Types, I, II, III, and IV, and (ii) on January 3, 2000, transfer title and deliver to Ford the finished work or the work in progress…"

The Special Master deems this clause to be clear and unambiguous.  On the dates referenced, SNAPP was to stop working on behalf of Ford as described and no longer has an interest in the transactions.

Finally, Ford argues that nothing in the 1999 Agreement precludes Ford from taking such action.  Again, the Special Master agrees.  The Agreement speaks to conduct up to December 31, and not after.  The cessation of "finished work or the work in progress" requires the cessation of all work.  Work is either finished or in progress. No other category exists.

The language of the Agreement imposes no obligation on Ford to continue to use SNAPP after December 31.

Therefore, SNAPP's motion for Summary Judgment should be denied.  Ford's motion for Summary Judgment should be granted.

## III. CONCLUSION

### A. CALCULATION OF 2% PROFIT

It is respectfully recommended that the Court grant SNAPP's motion and deny Ford's motion for Summary Judgment.

### B. CANCELLATION OF TRANSACTIONS

It is respectfully recommended that the Court deny SNAPP's motion and grant Ford's motion for Summary Judgment.

Respectfully,

s/ Bryan H. Levy
Bryan H. Levy
Special Master

June 27, 2006