UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO INDUSTRIES SUPPLIER
EMPLOYEE STOCK OWNERSHIP
PLAN (ESOP),

    Plaintiff,

v.                                                                                  Case No. 03-74357

SNAPP SYSTEMS, INC.,                                        HONORABLE AVERN COHN

    Defendant/Third-Party Plaintiff,

v.

FORD MOTOR COMPANY, SUSAN E.
KOBET, DIANE SENDEK MARCHESE,
CARMEN ZIRLES, and JEFFREY D.
COLLINS,

    Third-Party Defendants.

_____/

## ORDER DENYING SNAPP'S MOTION FOR RECONSIDERATION

I.

This is a commercial dispute. SNAPP is suing Ford and current and former Ford employees for acts arising out of their business relationship. The relationship began in 1991 and ended in 1999. Briefly, SNAPP, a minority contractor, initially supplied computer software to Ford which SNAPP purchased direct from manufacturers and then sold to Ford. As the parties' relationship evolved, SNAPP also supplied Ford with "industrial materials," also called "low end commodities," such as safety equipment.

1

The parties purchasing arrangement was memorialized in several written agreements and, according to SNAPP, some oral agreements.

SNAPP's First Amended Third Party Complaint asserted thirteen (13) claims, one of which was race discrimination.  The parties filed several dispositive motions which the Court referred to Special Masters for reports and recommendations (R&R).  The parties objected to many of the R&Rs.

On December 12, 2006, the Court entered an order regarding SNAPP's race discrimination claim.  The Court agreed with the Special Master that SNAPP did not made out a claim for race discrimination and therefore adopted the R&R and granted Ford's motion for summary judgment.

Before the Court is SNAPP's motion for reconsideration.  Ford, at the Court's direction, filed a response.  For the reasons that follow, the motion is DENIED.

II.

A.

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court*s discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g)(3).

B.

In dismissing SNAPP's race discrimination claim, the Court stated that

> there is simply no evidence that Ford treated SNAPP differently that any other similarly situated non-minority supplier.  Indeed, after the Ford-SNAPP relationship ended, there was no contract from Ford to any supplier, minority or majority, to provide the same services that SNAPP provided to Ford.  Ford instead moved purchasing services back in-house and no supplier provided the same services SNAPP had provided.

Order at p. 5  In other words, SNAPP failed to show that it was replaced by a similarly situated majority supplier.

In its motion for reconsideration, SNAPP challenges this finding and argues that there is ample evidence that SNAPP was replaced by Ford with majority suppliers.  The similarly situated requirement requires that the alleged comparables be "similarly situated in all respects."  Mitchell v. Toledo Hospital, 964 F.2d 577, 583 (6th Cir. 1992) (emphasis in original).  The Sixth Circuit reaffirmed this requirement in the context of contractual discrimination, holding that a plaintiff/organization alleging contractual discrimination in favor of a majority organization "must point to an organization that is 'nearly identical' to Plaintiffs' 'in all relevant aspects.'"  Johnson v. City of Clarksville, 2006 WL 1736365, **2 (6th Cir. 2006) (quoting Hemenny v. Genex Corp., 390 F.3d 901, 906 (6th Cir. 2004)).

As Ford points out, SNAPP has consistently maintained that it had a unique status with Ford, providing a wide variety of "IP services."  There is no evidence that a similar contract was awarded to any supplier for the same wide array of services Ford provided to SNAPP.  Indeed, SNAPP admits that "[n]o single majority supplier replaced SNAPP entirely in providing the entire bundle of services SNAPP previously provided

Ford." Motion for reconsideration at p. 6. Instead, SNAPP breaks down its relationship with Ford into discrete sub-functions and argues that since these sub-functions were allegedly performed by majority organizations, that it has made out a prima facie case. That is not sufficient to satisfy the fourth prong of McDonnell Douglas, and SNAPP offers no authority to the contrary.

Moreover, even considering the companies identified by SNAPP as replacement suppliers, Ford explains in detail in its response that none of the alleged suppliers were similarly situated or awarded a contract for SNAPP's services.

Having reviewed the parties papers in light of the record, the Court is satisfied that SNAPP has not made out a triable claim for race discrimination.

SO ORDERED.

                                                s/Avern Cohn
                                                AVERN COHN
                                                UNITED STATES DISTRICT JUDGE

Dated: January 31, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, January 31, 2007, by electronic and/or ordinary mail.

                                                s/Julie Owens
                                                Case Manager, (313) 234-5160