UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO INDUSTRIES SUPPLIER EMPLOYEE
STOCK OWNERSHIP PLAN (ESOP)

      Plaintiff,                          Hon. Avern L. Cohn
                                           Case No. 03-74357

vs.

SNAPP SYSTEMS, Inc.

      Defendant/Third-Party Plaintiff/Counter-Defendant,

vs.

FORD MOTOR COMPANY, a Delaware corporation,
SUSAN E. KOBET, individually,
DIANE SENDEK MARCHESE, individually,
CARMEN ZIRLES, individually,
JEFFREY D. COLLINS, individually,

      Third-Party Defendants/Counter-Plaintiffs.

_____/

## **ORDER**

Having reviewed the pleadings on the below referenced matters, held oral argument, and being otherwise advised, for the reasons stated on the record at the February 7, 2007 hearing it is HEREBY ORDERED:

1. <u>SNAPP's Objections to Special Master Sankbeil's 9/12/06 Report and Recommendation Concerning Ford's Second Motion to Compel Related to SNAPP's Response to Ford's Interrogatories Nos. 15 and 16; Docket No. 425</u> are OVERRULED. The 9/12/06 R&R is adopted. SNAPP shall supplement its responses to Interrogatory Nos. 15 and 16 as required by the 9/12/06 R&R within forty-five (45) days of the date of entry of this Order. Upon receipt of SNAPP's supplemented interrogatory responses, Ford shall have forty-five (45) days to prepare a supplemental expert report, or to move for additional

time to do so based upon SNAPP's supplemental answers. SNAPP may depose Ford's damages expert on the supplemental expert report.

2. SNAPP's Motion to Reopen Limited Discovery; Docket No. 427 is GRANTED IN PART and DENIED IN PART as follows:

   a. SNAPP's request for Ford's cost-savings baseline documents and a Rule 30(b)(6) deposition of a Ford corporate representative on the alleged 2% profit target are referred to Special Master Sankbeil for Report and Recommendation;

   b. As to SNAPP's request for Rule 30(b)(6) deposition of Ford's corporate representative(s) with knowledge of Ford's search for documents, SNAPP shall, within fourteen (14) days of the date of entry of this Order, submit each specific document request and response that it asserts a 30(b)(6) deposition is appropriate based on Ford's representation that it does not have any responsive documents. Ford shall have fourteen (14) days to respond to SNAPP's submission; and

   c. All other matters in SNAPP's Motion to Reopen Limited Discovery were withdrawn by SNAPP.

3. Third-Party Defendants' Third Motion to Compel Source Documents from Direct Sourcing Solutions, Inc. and for Sanctions; Docket No. 435 is GRANTED. Direct Sourcing shall produce all source documents and underlying data that support Court Exhibit No. 1, so marked at the February 7, 2007 hearing, within fourteen (14) days from the date of entry of this Order.

SO ORDERED.

Dated: February 16, 2007    s/Avern Cohn
                            AVERN COHN
                            UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, February 16, 2007, by electronic and/or ordinary mail.

                            s/Julie Owens
                            Case Manager, (313) 234-5160