AUTO INDUSTRIES SUPPLIER
EMPLOYEE STOCK OWNERSHIP
PLAN (ESOP),

      Plaintiff,

v.                                    Case No. 03-74357

SNAPP SYSTEMS, INC.,              HONORABLE AVERN COHN

      Defendant/Third-Party Plaintiff,

v.

FORD MOTOR COMPANY, SUSAN E.
KOBET, DIANE SENDEK MARCHESE,
CARMEN ZIRLES, and JEFFREY D.
COLLINS,

      Third-Party Defendants.

_____/

## ORDER STAYING PROCEEDINGS ON SNAPP'S MOTION TO SUPPLEMENT THE JOINT FINAL PRETRIAL ORDER
## AND
## DIRECTING SNAPP TO FILE A RESPONSE TO FORD'S MOTION TO STRIKE SNAPP'S FINAL DAMAGE REPORT
## AND
## SETTING A HEARING ON FORD'S MOTION TO STRIKE

I.

This is a complex commercial dispute.  SNAPP is a Delaware corporation with its

principle place of business in Texas, engaged in the business of providing IP Services.

SNAPP is suing Ford and current and former Ford employees for acts arising out of its

business relationship.

After extensive motion practice, the only claim remaining is for breach of contract. As will be explained, SNAPP recently submitted its Expert Report Prepared By Thomas A. Frazee on damages.

Before the Court is SNAPP's Motion to Supplement the Joint Final Pretrial Order to Include SNAPP's Damages and to Issue a New Scheduling Order and Ford's Motion to Strike Snapp's Final Damages Report. For the reasons that follow, proceedings on SNAPP's motion to supplement are STAYED pending resolution of Ford's motion to strike. SNAPP shall file a response to Ford's motion to strike within fifteen (15) days and a hearing on the motion will be held on **Wednesday, December 05, 2007 at 2:00 p.m.**

II.

Identifying the nature and scope of SNAPP's damages has been elusive at best. The Court has described the breach of contract claim and SNAPP's damages as "a work in progress." See Order Granting Ford's Motion Relating to SNAPP's Unplead Mark-up Claim, filed August 2, 2007. The August 2, 2007 Order also contained a history of Ford's attempts to obtain damage information which will not be repeated here. Suffice it to say that Ford began its quest in March of 2004 through interrogatories, specifically Interrogatories No. 15 and 16. On April 9, 2007, the Court ordered SNAPP to file "a description of the damages claimed in tabular form." On April 30, 2007, SNAPP submitted a "Damages Table" identifying more than $ 7 billion in alleged damages. On May 21, 2007, the Court entered an order vacating a prior order bifurcating liability and damages. As to SNAPP's damages, the Court said:

> Because of the uncertain nature of plaintiff's proofs on damages, further proffers of proof are required before the case can be set for trial. To assure the

Court's adequate understanding of the nature of the proofs on damages, plaintiff shall promptly lodge with the Court:

     1.     A revised draft of the verdict form, which shall include questions on liability and damages to be answered by the jury.

     2.     A draft of the jury instructions on damages.

     3.     A complete analysis of the damages claimed correlated to the liability and damages questions as reflected in the revised draft verdict form. (Plaintiffs' tabular analysis of the damages claimed appears on its face to be unrealistic.)

     4.     A list of the witnesses who will be called in support of the damage claims.

On June 20, 2007, SNAPP filed the following papers:

- A revised draft verdict form
- Draft of damages jury instruction
- Analysis of damages correlated to verdict form (updated Damages Table)
- List of witnesses who will be called in support of damages claims

On June 22, 2007 the Court held a further status conference on the record with

the parties.  The Court stated in part:

The last time were here was on May 21st, and at that time I asked SNAPP to file a revised draft of the verdict form, which they did; a draft of the jury instructions on damages; a complete analysis of the damages claimed correlated to the liability and damage questions reflected in the verdict form, I'm not sure that's been done; and a list of witnesses who will be called and some other things.

...

As to the damage analysis, the Court said:

- The verdict form does not correlate to the damage lines from the exhibit
- There's nothing in the damage analysis that shows how you reach those figures, the analytical base for the figures

Ford then filed the following two motions relating to SNAPP's damages:

- Ford's Motion for Contempt and to Strike SNAPP's Damage Claims and Evidence; and

- Ford's Motion to Strike SNAPP's Attempt to Assert a New and Previously Unplead Mark-Up Claim and Attempt to Revive its Previously Dismissed Accounting Claim and Petition that the Court Re-Examine Bifurcation

The motions were heard on August 1, 2007.  At the hearing, the Court stated that

Ford's motion relating to mark-up was granted. The Court later entered a Memorandum and Order further explaining its reasons for the ruling on the mark-up claim. As to Ford's Motion to for Contempt and to Strike, the Court at the hearing directed SNAPP to file a detailed damage study within thirty (30) days which was in compliance with the Court and Special Master orders.

On September 10, 2007, SNAPP filed its Expert Report Prepared By Thomas A. Frazee on damages.

On September 14, 2007, SNAPP filed its Motion to Supplement the Joint Final Pretrial Order to Include SNAPP's Damages and to Issue a New Scheduling Order.

On October 5, 2007, Ford's filed its Motion to Strike SNAPP's Final Damages Report. Ford says that the expert report falls short in several respects in properly identifying and supporting SNAPP's claimed damages.

As noted in Ford's response to SNAPP's motion to supplement, SNAPP's motion is premature given Ford's pending motion to strike. The motion to strike must be resolved before the Court will consider SNAPP's motion to supplement.

SO ORDERED.


Dated: October 19, 2007          s/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 19, 2007, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                 Case Manager, (313) 234-5160