UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AUTO INDUSTRIES SUPPLIER
EMPLOYEE STOCK OWNERSHIP
PLAN (ESOP),

    Plaintiff,

v.                                                Case No. 03-74357

SNAPP SYSTEMS, INC.,                 HONORABLE AVERN COHN

    Defendant/Third-Party Plaintiff,

v.

FORD MOTOR COMPANY, SUSAN E.
KOBET, DIANE SENDEK MARCHESE,
CARMEN ZIRLES, and JEFFREY D.
COLLINS,

    Third-Party Defendants.

_____/

**ORDER DENYING SNAPP'S MOTION FOR AFFIRMATIVE RELIEF ARISING OUT OF FORD's MATERIAL CHANGES IN POSITION WHICH ARE CAUSING PREJUDICE TO SNAPP**

I.

This is a complex commercial dispute. After extensive motion practice, the only claim in the case is for breach of contract. There are three contracts at issue: (1) the 1995 Framework Agreement, as amended in 1996; (2) the Master Lease Agreement; and (3) the 1999 Transition Agreement.

Before the Court is SNAPP's motion styled "Motion for Affirmative Relief Arising Out of Ford's Material Changes In Position Which are Causing Prejudice to SNAPP."

For the reasons that follow, the motion is DENIED.

II.

This motion, as typical as the parties' filings in this case, has generated a plethora of paper. In the motion, SNAPP asserts that there has been a ruling by the Court, at Ford's request, that the parties' "entire relationship" has been integrated and therefore SNAPP has a right to seek damages for MRO[1] commodities under the IMPACT[2] program and for raw materials commodities under the I-RaMMP[3] program. SNAPP is wrong. These programs are the subject of separate agreements from the three agreements at issue.

This is the second of SNAPP's attempts to essentially shoehorn its claim for damages under IMPACT and I-RaMMP into the three agreements. On February 25, 2008, SNAPP filed a motion styled Motion Objecting to Ford's Attempt to Deviate From The Governing Contracts. SNAPP sought a ruling that Ford not be permitted to question SNAPP's damage witnesses regarding any alleged oral contracts or unsigned agreements outside of the three contracts listed above. The Court denied the motion, stating:

> These programs [IMPACT and I-RaMMP] are the subject matter of separate contracts so far as the Court can discern. Ford agrees with SNAPP as to the contracts at issue and states that the IMPACT and I-RaMPP programs are

---

[1]MRO stands for Maintenance Repairs and Operating Supplies. These are commodities other than IT commodities which SNAPP supplied Ford under the three contracts at issue.

[2]IMPACT stands for Industrial Materials Procurement and Communications Technology.

[3]I-RaMMP stands for Indirect Raw Materials Purchasing Process.

2

> separate programs governed by contracts which are not at issue in the case. However, Ford says that SNAPP is trying to recover damages under those contracts and Ford is entitled to examine SNAPP's damage witnesses to demonstrate SNAPP's damages are flawed in this respect.
>
> Ford has the right to examine SNAPP's damage witnesses regarding the IMPACT and I-RaMPP programs in determining damages which SNAPP says result from a breach of those contracts and whether such damages, particularly costs savings, are recoverable.

During the testimony of SNAPP's damage witnesses, it became abundantly clear that the IMPACT program and the I-RaMMP program are separate programs governed by separate agreements and that I-RaMMP program was never executed.

Now, SNAPP says that Ford argued, and the Court accepted, that the integration clause in the Framework Agreement integrated the parties <u>entire relationship, including the IMPACT program and the I-RaMMP program</u>. SNAPP says that based on the Court's ruling that the Framework Agreement is "fully integrated," SNAPP has the right to seek damages under the IMPACT program and the I-RaMMP program within the confines of the Framework Agreement.

SNAPP's position results from a distorted view of the record. The Court did rule that SNAPP's breach of oral promises claim could not go forward because the integration clause in the three contracts barred such a claim. <u>See</u> December 12, 2006 Order at p. 15. Nowhere did the Court rule, however, that SNAPP's compensation for MRO commodities and raw materials commodities was pursuant to the "Framework Agreement," much less mention the IMPACT program or I-RaMPP program. Rather, the Court's order was clearly limited to excluding alleged prior agreements or oral promises <u>related to the Framework Agreement</u> which was for IT related commodities. Moreover, as fully detailed in Ford's response, Ford has never argued that the IMPACT

3

program and I-RaMMP program are subsumed or otherwise integrated into the Framework Agreement, and has consistently and correctly maintained that they are the subject of separate agreements from the contracts at issue.

In reply, SNAPP appears to recognize the peril of its position because it now requests that the Court include the IMPACT program "in the universe of contracts" at issue. SNAPP's request is akin to a motion to amend the Joint Final Pretrial Order, which simply comes too late in the day. Moreover, as Ford explains in its sur-reply, inclusion of a claim for breach of the agreement governing the IMPACT program would be futile.

Finally, there is no justification for a 30(b)(6) deposition of a Ford representative.

SO ORDERED.

       s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated: June 11, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 11, 2008, by electronic and/or ordinary mail.

       s/Julie Owens
       Case Manager, (313) 234-5160