UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO INDUSTRIES SUPPLIER
EMPLOYEE STOCK OWNERSHIP
PLAN (ESOP),

    Plaintiff,

v.                                    Case No. 03-74357

SNAPP SYSTEMS, INC.,            HONORABLE AVERN COHN

    Defendant/Third-Party Plaintiff,

v.

FORD MOTOR COMPANY, SUSAN E.
KOBET, DIANE SENDEK MARCHESE,
CARMEN ZIRLES, and JEFFREY D.
COLLINS,

    Third-Party Defendants.

_____/

**ORDER REGARDING FORD'S MOTION TO STRIKE**

I.

This is a complex commercial dispute. After extensive motion practice, the only claim in the case is for breach of contract. On September 10, 2007, SNAPP filed an Expert Report Prepared By Thomas A. Frazee on damages. On October 5, 2007, Ford filed a Motion to Strike SNAPP's Final Damages Report. Ford argued that the expert report falls short in several respects in properly identifying and supporting SNAPP's claimed damages. On October 19, 2007, the Court entered an Order styled:

Order Staying Proceedings on Snapp's Motion to Supplement the Joint Final Pretrial Order and Directing Snapp to File a Response to Ford's Motion to Strike Snapp's Final Damage Report and Setting a Hearing on Ford's Motion to Strike

On December 5, 2007, the Court held a hearing on Ford's Motion to Strike. At the hearing, the Court noted that "whether Frazee is competent to express an opinion as to each of [the claimed items of damages] based upon his report is problematic." 12/2/07 Tr. at p. 2. To that end, the Court ordered an evidentiary hearing in which Frazee could be examined regarding his report; in essence, a Daubert hearing. The hearing, in which Frazee, Douglas Vetter and Bhagwan Thacker testified, extended over five days. At the conclusion, the Court stated:

> I think that's the crucial question here, whether there is a factual predicate for the opinions expressed by Mr. Frazee or whether – and that can be supported by Mr. Vetter or [Mr. Thacker]'s testimony. I have a considerable concern that there is an inadequate factual predicate for much of the opinions expressed by Mr. Frazee even as supplemented by the data from Mr. Vetter, and I think . . . that's the crucial issue the Court has to decide.

5/5/2008 Tr. at p. 204. The Court also afforded SNAPP the opportunity to decide whether to file an amended damages report in light of the testimony at the hearing. On May 6, 2008, the Court entered an order setting forth time limits pertaining to whether or not SNAPP elected to file an amended report. In either instance, Ford was directed to file an amended motion to strike. SNAPP chose to submit an amended report. A Supplemental Expert Report Prepared by Thomas A. Frazee was filed on July 3, 2008. In the Supplemental Report, SNAPP omitted some items of damages.

II.

On August 27, 2008, Ford filed a motion styled

Ford Motor Company's Motion to Strike Plaintiff's Damages Analysis and Related testimony and/or Motion for Partial Summary Judgment.

The motion runs 57 pages and contains approximately 27 exhibits. The substance of the motion went far beyond the Court's direction stated above. Particularly, Parts III. and IV. do not relate directly to the Supplemental Report and Frazee's qualifications to express the opinions stated therein; rather, the issues raised go to the quantum of proofs which implicate summary judgment. Indeed, included in Ford's filing is a separate statement of material facts not in dispute, running nine pages.

SNAPP's response to Ford's motion, to put it mildly, is overblown. SNAPP's filings include the following:

> Eight separate responses to Ford's motion, ranging in length from 12 to 42 pages, for a total of approximately 189 pages of briefs

> 126 Exhibits

> A statement of material facts not in dispute and counter-statement, running 60 pages

> A revised (Seventh Amended) verdict form

III.

To bring order out of chaos, the Court STAYS proceedings on Parts III. and IV. of Ford's motion. SNAPP shall file within 30 days a response to Part II. of Ford's motion.

To be clear, the Court is addressing argument relating solely to the issue of Frazee's qualifications and opinions expressed in his Supplemental Report.

SO ORDERED.


Dated: October 7, 2008            s/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE

**03-74357 Auto Ind Supp ESOP v. Ford Motor Co, et al**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 7, 2008, by electronic and/or ordinary mail.

                                                          s/Julie Owens
                                                          Case Manager, (313) 234-5160