UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO INDUSTRIES SUPPLIER EMPLOYEE
STOCK OWNERSHIP PLAN (ESOP)

      Plaintiff,

v.                                    Case No. 03-CV-74357

SNAPP SYSTEMS, INC.,             HONORABLE AVERN COHN

      Defendant/Third Party Plaintiff,

v.

FORD MOTOR COMPANY, et al.,

      Third Party Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING SUMMARY JUDGMENT
FOR FORD MOTOR COMPANY AND DISMISSING CASE**

I. Introduction

This is a commercial dispute. As will be explained, the only claim left in the case is for breach of contract. Three contracts are at issue: (1) the 1995 Framework Agreement, as amended in 1996, (2) the Master Lease Agreement, and (3) the 1999 Transition Agreement. Plaintiff SNAPP seeks approximately 1.3 billion dollars in damages. On December 23, 2008, the Court struck SNAPP's damages analysis and related testimony. The Court also directed Defendant Ford to file an amended motion for summary judgment in light of the Court's order. On January 12, 2009, Ford filed an Amended motion and brief (Dkt. # 575) which is now before the Court. SNAPP has responded.[1] For the reasons that

_____

[1] On February 19, 2009, SNAPP, rather than filing a single response and brief, filed eight separate response briefs, aggregating 120 pages. See Dkt. # 579, 580, 581,

follow, the motion will be granted and the case will be dismissed.

## II.  Background

The Court has recited the background of this case in several prior memorandums. These include:

• Memorandum and Order Granting In Part Third-Party Defendant's Motion to Dismiss entered September 21, 2004 (Dkt. # 54)

• Opinion and Order Regarding Report and Recommendation of the Special Master on Parties' Dispositive Motions entered December 12, 2006 (Dkt. # 440, 441).

Briefly, this case began in 2003 when SNAPP sued Ford and current and former Ford employees for acts arising out of their business relationship. The relationship began in 1991 and ended in 1999.  SNAPP initially supplied computer software to Ford which SNAPP purchased direct from manufacturers and then sold to Ford. As the parties' relationship evolved, SNAPP also supplied Ford with "industrial materials," also called "low end commodities," such as safety equipment.  The parties purchasing arrangement was memorialized in the three contacts at issue.  Although the case appeared to be a simple contract dispute, SNAPP asserted multiple claims against Ford.

SNAPP's First Amended Third Party Complaint made the following claims:

Count I **Breach of Partnership, Fiduciary Duties and Accounting**
Count II **Breach of Contract**
Count III **Quantum Meriut and Unjust Enrichment**
Count IV **Promissory Estoppel**
Count V **Fraud**
Count VI **Fraud by Omission** (Silent Fraud)
Count VII **Federal Antitrust Laws Violations**

─────────────────────

582, 583, 584, 585, and 588.  The Court struck the filings and directed SNAPP to file a single response brief, not to exceed 40 pages.  See Order filed February 23, 2009 (Dkt. # 589).  SNAPP complied.  See Dkt. # 590.  Ford then filed a reply.  See Dkt. # 595.

Count VIII **Michigan Antitrust Law Violations**
Count IX **Violation of Michigan Uniform Trade Secrets Act**
Count X **Conversion**
Count XI **Violation of Michigan Sales Representative Commission Act**
Count XII **Tortious Interference**
Count XIII **Race Discrimination**

The parties filed several dispositive motions relating to the claims which the Court referred to two Special Masters for reports and recommendations (R&R). The parties objected to many of the recommendations. All of this generated a good deal of paper and required the expenditure of substantial judicial resources. Eventually, the Court adopted the R&Rs which left only SNAPP's breach of contract and tortious inference claim. The tortious interference claim was later dismissed on summary judgment. See Decision and Order filed June 20, 2007 (Dkt. # 500). After more motion practice, the case finally whittled down to SNAPP's breach of contract claim relating to the three agreements noted above. In the meantime, the parties began a long struggle to define SNAPP's claimed damages, particular to SNAPP's breach of contract claim, the background of which is fully set forth in the Order Denying SNAPP's Motion for Reconsideration and Offer of Proof, filed March 9, 2009 (Dkt. # 593). See also Ford's Exhibit 1 to Ford's response to SNAPP's Motion for Reconsideration. (Dkt. # 578). The parties also engaged in a protracted discovery dispute, particular to SNAPP's damages, which was before a third Special Master.

After several years of intense litigation, the posture of the case is this: SNAPP claims Ford has breached the three agreements noted above and SNAPP's expert report on damages and related testimony has been stricken. Against this backdrop, the Court considers Ford's motion for summary judgment.

III. Summary Judgment

3

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50. Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255. Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted. Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

IV.  Analysis

A.  Lack of Proof of Damages

4

Ford first argues that summary judgment is proper because SNAPP has failed as a matter of law to proffer any evidence of damages, an essential element of a breach of contract claim.  The elements of a breach of contract claim are:: (1) a valid contract; (2) breach; and (3) damages.  <u>Oakland Metal Stamping Co. v. Forest Indus. Inc.</u>, 352 Mich. 119 (Mich. 1958).  Courts have held that if a plaintiff is unable to prove damages, then a breach of contract claim fails.  <u>See</u> <u>Aron Alan, LLC v. Tanfran, Inc.</u>, 2006 WL 305971 *5 (W.D. Mich. Feb. 8, 2006) ("Plaintiffs breach of contract claim fails because a showing of damages is a necessary element in a claim for breach of contract.")

Here, the Court has found that SNAPP's damage evidence inadequate and has stricken it.  <u>See</u> Order Granting Ford's Motion to Strike SNAPP's Damage Analysis and Related Testimony, filed December 23, 2008 (Dkt. # 573).  The Court also disqualified SNAPP's proposed expert/summary witness, Thomas Frazee, as well as SNAPP's proffered business witnesses, Douglas Vetter and Bhagwan Thacker.  The Court also noted that SNAPP failed to provide Ford with the underlying source documents for its claimed damages.  <u>See id</u>. at p. 15.

The Frazee Supplemental Report and the related testimony provided the "proofs" for SNAPP's damages for all three contracts at issue.  These proofs included: (1) the 1.75% profit and unreimbursed expenditures for Ford's benefit, (2) cost savings program, (3) failure to negotiate in good faith, (4) the Master Equipment Lease Agreement, and (5) the Transition Agreement.  Because these "proofs" have been stricken, SNAPP has no evidence, much less evidence to create a genuine issue of material fact, as to its damages for breach of the three contracts.  Without any evidence of damages, SNAPP cannot make out its breach of contract claim.  Summary judgment is therefore appropriate.

5

SNAPP, however, advances several arguments as to why its contract claims survive. The Court will consider each in turn. SNAPP first says that Ford cannot show bad faith in requesting such a drastic sanction of dismissal. This argument is based on Ford's assertion that SNAPP's failure to comply with Court orders relative to SNAPP's damages supports a finding of summary judgment. However well-taken Ford's argument that SNAPP has violated Court orders with respect to damages may be, the Court declines to base its decision on this grounds. Rather, the focus is on the fact that SNAPP's damage analysis and witness testimony have been stricken and how that affects SNAPP's breach of contract claims.

SNAPP also says that it provided the source documents to support its damages. Again, this argument relates to whether SNAPP compiled with Court orders and does not form the basis for decision. The same is true of SNAPP's argument that Ford has not suffered any prejudice by SNAPP's shortcomings. Although the Court does note that Ford, if not prejudiced, has been burdened, by having to make multiple requests for damages evidence and by a long process which culminated in a finding that SNAPP's evidence was lacking.

SNAPP's argument that it was not adequately warned that its case might be dismissed merits further attention. SNAPP made a similar argument in its motion for reconsideration, see dkt. # 577, arguing that the Court did not give it fair notice of what it was required to prove in terms of damages. As noted in the order denying SNAPP's motion for reconsideration, see dkt. # 593, the Court has repeatedly emphasized  SNAPP's continued failure to provide adequate and satisfactory damage analysis. Moreover, the Court did warn SNAPP that a failure to provide proof of damages would result in dismissal

6

of the case.  At the August 1, 2007 hearing alone, SNAPP was specifically warned of this

fact twice:

> [U]nless I get within 30 days a complete analysis in satisfactory
> form to explain to a jury the justification for the amount of
> damages claimed by SNAPP against Ford under Paragraph 4.1 of
> the 1996 Amendment, **this case will be dismissed for failure to
> be forthcoming in discovery and comply with the orders of the
> Court to provide an analysis of the damages claimed by
> SNAPP for breach of contract against Ford.**

Ford's Ex. 1, 08/01/2007 Hr'g Tr. at 11 (emphasis added).

> As far as I'm concerned, there has been an utter failure of SNAPP
> to follow the September 12, 2007 report and recommendation and
> an utter failure to follow the Court's instructions of May 21, 2007
> as well as June 22, 2007.  **This case is at risk of being dismissed**.

Id. at 29 (emphasis added).

SNAPP provides no authority for its argument that the Court was required to provide

a written warning.  Moreover, even if a specific order was required, given the procedural

history of this cases, SNAPP is hard pressed to say that such a requirement was not met.

Also, there can be no question that SNAPP is aware that damages are an essential

element of a breach of contract claim and that a failure to provide evidence of them is fatal

to such a claim.  In short, SNAPP's argument that it was not fairly warned lacks merit.

SNAPP also argues that it should be permitted to present its damages through .

business records and business testimony.  SNAPP is not clear on whether it intends to

present the same previously-stricken damage analysis and related testimony through

additional business records and witnesses or if SNAPP proposes to introduce new damage

analysis through such documents and witnesses.  In either case, this argument fails.

First, clearly SNAPP cannot present stricken analysis and testimony.  The order

striking such evidence and the order denying SNAPP's motion for reconsideration put this argument to rest. Second, to the extent that SNAPP seeks to present new analysis, it cannot do so. This position is symptomatic of SNAPP's obfuscation of any attempt to ascertain its damages. SNAPP continues to say that it "will" provide evidence given the opportunity; yet, such evidence never appears. SNAPP's vague assertion does not come close to providing any cogent damages evidence. SNAPP has had multiple opportunities to come forth with damages evidence. It has not. It is not entitled to yet another chance.

SNAPP also argues that at least some of its contract claims should be saved from summary judgment - relating to the Master Equipment Lease Agreement (MELA), the Lease Program Agreement (LPA), and the Transition Agreement because Ford has not provided adequate argument.

It is indisputable that the stricken damages analysis also contained SNAPP's support and calculation for the MELA, LPA, and 1999 Agreement, and there is no reason that the Court's orders holding that SNAPP's damages proofs are inadequate does not extend to these claims as well. SNAPP cannot now "pick and choose" claims that should be saved or revitalized. Rather, SNAPP chose to make all of its claims at issue through the Frazee Supplemental Report. SNAPP was well aware that its 07/03/08 Supplemental Report was its last chance to make an adequate damages showing. As the Court stated, "I'm giving you the opportunity to self-correct if you think it's appropriate. If you don't think it's appropriate, you simply say we are standing on the report, because the report, once you tell me that, this report is not going to be amended. Your case will stand and fall with this report as it stands. I'm not going to wait until after the defendant fine-combs it and then you say, okay, well, we'll withdraw that or we'll withdraw this." Ford's Ex. 2, 05/05/08 Hr'g Tr.

8

at 209:6-13.

All damages claimed within the Frazee Supplement Report and related testimony must be considered inadequate. The Court did not make an exception within its ruling for any particular claims within the Frazee Report, including the MELA, LPA, and 1999 Agreement. Neither did SNAPP ask for one.

Moreover, SNAPP's claims under the MELA, LPA, and 1999 Agreement suffer from the same deficiencs as SNAPP's claims pursuant to the Framework Agreement, in that SNAPP failed to provide or show an adequate documentary foundation for these claims. SNAPP is not permitted to proceed to trial on these claims in light of the fact that the summaries and information on which it relies and will continue to rely in support of these claims are part and parcel of the now-stricken damages analysis. SNAPP also may not revitalize selected portions of the damages analysis which have been deemed insufficient and use such information at trial. There is simply no justification for restoring SNAPP's stricken damages claimed in relation to the MELA, LPA, and 1999 Agreement.

Summary judgment is appropriate for the entirety of SNAPP's claims against Ford because SNAPP has not shown sufficient evidence of its damages to have the case go to a trier of fact.

### B. Flaws in SNAPP's Damages

Ford also argues that several components of SNAPP's damages, relating to "cost savings" ($242,205,907), the Midwest Settlement ($23 million), the 1.75% profit target ($600,575,432), failure to negotiate in good faith ($489,471,863), "leaked revenue," damages relating to I-RaMPP ($17,682,000) must be stricken because they are not grounded in the contracts at issue, and/or are based on flawed methodology, and/or are

9

unsupported by the factual record.  The Court need not consider these arguments, however well-taken they may be, because without the expert and related testimony, SNAPP has no reliable evidence of these damages.  In striking SNAPP's damages, it follows that these components lack evidentiary support.

### C.  Alleged Factual Disputes

SNAPP argues that several issues of material fact preclude summary judgment.  For example, SNAPP says that questions of fact exist with respect to its failure to negotiate in good faith claim, leaked revenue, and cost savings.  As Ford points out, however, SNAPP's attempts to create issue of fact fails because SNAPP's breach of contract claims fail as a matter of law for failure to present sufficient proof of damages to survive summary judgment, irrespective of any alleged questions of fact as to breach.  See Alan Custom Homes, Inc. v. Krol, 256 Mich. App. 505, 512 (2003) (where plaintiff is unable to prove damages, it is not necessary to consider whether a defendant breached a contract, dismissing claim for breach of contract)  SNAPP disregards the fact that its entire damage analysis, the Frazee Supplemental Report and related testimony, has been stricken. Rather, SNAPP's argument draws support from the stricken Frazee Supplemental Report. Absent a proper expert analysis on damages, SNAPP cannot support any of its claimed breaches of contract, including the failure to negotiate in good faith, its entitlement to damages for leaked revenue or cost savings.

### V.  Conclusion

After a long and arduous journey, this is where the rubber hits the road.  SNAPP's

10

failure to provide a cogent damage analysis to support its breach of contract claims to allow the case to proceed to trial requires that summary judgment be entered in favor of Ford. The record shows that SNAPP was given multiple opportunities to present evidence of its $1.3 billion in asserted damages necessary to support its claims. Despite its best efforts, SNAPP has fallen short. Without sufficient proof of an essential element of its breach of contract claims, the case must be dismissed.

Accordingly, Ford's Amended Motion for Summary Judgment is GRANTED. This case is DISMISSED.

SO ORDERED.


Dated: May 26, 2009                          s/ Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 26, 2009, by electronic and/or ordinary mail.

                                             S/Julie Owens
                                            Case Manager, (313) 234-5160